IN THE SUPERIOR COURT OF GUAM



FILED
SUPERIOR COURT
OF GUAM

2014 MAR 19 AM 10: 5

CHRISTOPHER ALLEN,

Plaintiff,

v.

IAN C. RICHARDSON and JOHN YOUNG,

Defendants.

CIVIL CASE No. CV0191-09

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on October 25, 2013 on Defendants' Motion for Protective Order. Defendants were represented by Assistant Attorney General Kenneth Orcutt. Plaintiff was represented by James M. Maher. Having reviewed the parties' arguments and pleadings, the Court now issues the following Decision and Order.

## BACKGROUND

This litigation involves an alleged confrontation between Plaintiff Christopher Allen ("Plaintiff") and Defendants Ian Richardson and John Young ("Defendants"). For purposes of the instant motion, the relevant facts arise out of the deposition of one Andrew Zawalinski, which took place on July 12, 2013. Counsel for the Defendants alleges that Plainitff's counsel's conduct at that deposition violated the rules of civil procedure. As a result, counsel for Defendants brought a Motion for a Protective Order. The parties remain at an impasse over the manner in which future depositions are to be conducted.

## DISCUSSION

**Procedural Defects**

As a preliminary matter, the Court must determine the effect any procedural defects will have on the outcome of the instant motion. Before the Court is a discovery dispute. Thus, CVR

37.1 is applicable. The Court will discuss the relevant subsections of that rule. Pursuant to CVR 37.1(a), "[p]rior to the filing of any motion relating to a discovery dispute, counsel for the parties shall meet or attempt to meet in a good faith effort to eliminate the necessity for hearing the motion or eliminate as many of the disputes as possible." CVR 37.1(a). In this case, the parties argued at length regarding whether there was a good faith attempt to meet and confer. Counsel for Defendant ("Mr. Orcutt") submitted a purported declaration arguing that he exchanged emails and conferred with Plaintiff's counsel ("Mr. Maher") in a good faith attempt to resolve the matter. Decl. of Kenneth Orcutt ¶ 7. Mr. Maher maintains that the email correspondence was merely to select a place to meet and confer. Decl. of James Maher ¶ 22. Further, Mr. Maher maintains that Mr. Orcutt met with him only to have Mr. Maher sign a stipulation, which Mr. Maher refused to sign. *Id.* at ¶ 24. Mr. Maher's refusal prompted Mr. Orcutt to leave. *Id.* at ¶ 25. The duration of the meeting lasted approximately sixty seconds. *Id.* at ¶ 26; Decl. of Mitchell F. Thompson ¶ 5. The above meeting would not have been in compliance with CVR 37.1(a). However, the Court heard arguments on the matter on October 25, 2013, and directed the parties to meet and confer once more in attempt to resolve their issues. Both parties met on November 7, 2013 but were unsuccessful in resolving the issue.

As a result of another unsuccessful meet and confer, CVR 37.1(b) requires that the parties then "formulate a written stipulation specifying separately and with particularity each issue that remains to be determined at the hearing." CVR 37.1(b). The Court has yet to receive any stipulation, but because the Court held a hearing on the matter, the Court is able to discern where the parties' remain at an impasse. The Court admonishes both parties to cooperate in the future in order to adhere to the rules.

Mr. Maher further argues that the Court should disregard Mr. Orcutt's declarations because they were not executed under oath. Pl's. Opp. pg. 3. Mr. Maher cites to 6 GCA §

7302, which defines "an affidavit as a written declaration under oath . . . ." 6 GCA § 7302. Mr. Orcutt responds by citing to 6 GCA § 4308, which governs declarations. The Court finds Mr. Orcutt's declarations sufficient as they were executed "under penalty of perjury." Decl. of Kenneth Orcutt. Although the Court recognizes procedural missteps pertaining to the instant motion the Court will still decide this case on its merits.

**Protective Order**

Rule 26(c) allows a court to issue a protective order when the party seeking the order establishes good cause for it and it is necessary to protect a party or person from annoyance, embarrassment, or undue burden or expense. GRCP 26(c). The party seeking the order bears the burden of establishing that a protective order is needed. *Jadwin v. Abraham*, 2008 WL 4057921(E.D. Cal. 2008). Mr. Orcutt states that in his extensive legal career he has not witnessed an attorney behave the way Mr. Maher had at the deposition. Decl. of Kenneth Orcutt ¶ 3. Mr. Orcutt further submits that "[i]ssuing a protective order will send a message to the Guam bar that professional conduct is required at depositions and that failure to conduct oneself in such a manner will result in sanctions." Decl. of Kenneth Orcutt ¶ 5. On those bases alone, the Court is unable to precisely determine whether there is good cause for a protective order and whether a protective order is necessary. The Court will look to the deposition transcripts to determine whether good cause exists and whether a protective order is necessary.[1] Below is one of several dialogues between counsels that the Court has reviewed in order to determine whether a protective order is warranted in this matter.

By Mr. Orcutt:
Q      In your mind, what constitutes legal service?
        Mr. Maher: You're asking for a legal definition.

---

[1] Mr. Maher urges the Court not to consider the unauthenticated deposition transcripts of Andrew Zawalinski. However, in opposition, Mr. Maher further cites to the same deposition questions at issue without raising any serious concern as to its accuracy or validity. For the purpose of disposing this motion, the Court will review and consider the specific deposition questions along with the subsequent dialogue of counsels.

By Mr. Orcutt: (Continuing)

Q     In your mind, what constitutes legal service?

Mr. Maher: Well, he can't answer that.

Mr. Orcutt: Yes, he can.

Mr. Maher: No. That's a term of art, Ken.

Mr. Orcutt: It's not when you ask a person – the witness's opinion.

Mr. Maher: Service. He can't render an opinion.

Mr. Orcutt: Give your objection. Give your objection.

Mr. Maher: I'm stating my objection. You're asking him to state a legal principle. He can't do that. You're only doing this later so you can argue, see, he doesn't understand "service."

Mr. Orcutt: This is totally improper and frankly sanctionable.

Mr. Maher: Oh, go get a sanctions order, then, Ken. You're asking him for a legal conclusion. You know that's improper.

Mr. Orcutt: Are you done?

Mr. Maher: No, I'm not.

Mr. Orcutt: Keep going.

Mr. Maher: Are you gonna ask this improper question? Are you gonna continue with it? By your hand shaking and water drinking, does that mean yes? Well, give me an answer.

Mr. Orcutt: Are you done?

Mr. Maher: No. Do you want his legal opinion? Yes or no?

Mr. Orcutt: You keep doing this, I'm gonna call the judge or –

Mr. Maher: Go call the judge. The judge is gonna tell you it's an improper question.

Zawalinski Dep. 33:21-25; 34:1-25; 35: 1-25, July 12, 2013. Mr. Orcutt's main objective in seeking a protective order pertains to speaking objections of opposing counsel. Mr. Maher's main objections are that Mr. Orcutt's questions are improper. Pursuant to GRCP 30(c)

> All objections made at the time of the examination to the qualification of the officer taking the deposition, to the manner of taking it, to the evidence presented, to the conduct of any party, or to any other aspect of the proceedings shall be noted by the officer upon the record of the deposition; but the examination shall proceed, with the testimony being taken subject to the objections.

GRCP 30(c).

Further, Rule 30(d)(1) of the Guam Rules of Civil Procedure provides:

> Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to resent a motion under Rule 30(d)(4)."

GRCP 30(d)(1). A speaking objection is an objection that is argumentative or which suggests

an answer to a witness. *Jadwin v. Abraham*, WL 2008 WL 4057921 (E.D. Cal. 2008). Pursuant to the above-referenced rules, speaking objections are not permitted. Upon review of the deposition transcripts[2], the proper action for Mr. Maher would have been to simply state his objection and the grounds for it, and allow the witness to answer. The Court finds there is good cause for Defendants' seeking a protective order. To prevent this issue from reoccurring at later depositions, if any, the Court will grant Defendants' Motion for Protective Order. *See Cincinatti Ins. Co. v. Serrano*, 2012 WL 28071 (granting Motion for Protective order and ordering parties to comply with the relevant rules relating to depositions and discovery).

The Court, however, orders that the protective order be mutual and binding on both parties. Both parties are to adhere to GRCP 30(c) and 30(d)(1). There shall be no speaking objections i.e. objections must be stated concisely and in a non-argumentative and non-suggestive manner. Counsels may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4). Objections to the responsiveness of answers must also be made in compliance with the rules i.e. by simply stating, "move to strike as unresponsive." Neither counsel shall interrupt the witness when the witness is answering a question. Lastly, neither counsel shall answer the questions for the witnesses. Violations of this order will subject the violating counsel to sanctions as the Court deems just and appropriate.

//

//

//

//

//

---

[2] The Court reviewed Zawalinski Dep. 20:1-25; 26:2-25; 27:1-25; 33:21-25; 34:1-25; 35:1-25; 36:1-11; 38: 1-25, July 13, 2013.

## CONCLUSION

Based on the foregoing reasons, the Court GRANTS Defendants' Motion for Protective Order.

**IT IS SO ORDERED** this day of March 19, 2014.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the Original hereto was placed in the court box of:

AG / J. Maher, Esq.

Date: 3/19/14   Time: 11am

Deputy Clerk, Superior Court of Guam